# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMIL CONOR HOHMANN,** | : | **CIVIL NO. 1:16-CV-23** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, DAUPHIN COUNTY, JUDGE JOSEPH S. LINDSEY, DISTRICT ATTORNEY ED MARSICO, LOWER PAXTON TOWNSHIP OFFICER SCOTT STAR (BADGE #67), HJ TOWING AND SALVAGE,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of January, 2016, upon consideration of the petition (Doc. 1) for writ of mandamus pursuant to 28 U.S.C. § 1361 filed by plaintiff Emil Conor Hohmann, and it appearing that the mandamus petition, wherein Hohmann requests that this court grant relief in his state criminal proceeding and requests

that this court compel state officials to act[1], is subject to dismissal because federal courts generally will not enjoin or otherwise interfere with state criminal prosecutions, see Younger v. Harris, 401 U.S. 37, 45 (1971), and pursuant to the All Writs Act, courts may issue extraordinary writs only "in aid of their respective jurisdictions", 28 U.S.C. § 1651(a), and because federal courts have no authority to issue writs of mandamus to state officials, 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"), and therefore this court does not have jurisdiction under § 1361 or under any other federal statute to compel the employees of state courts, none of whom are officers or employees of the United States or any agency, to perform a duty, and it further appearing that mandamus is a drastic measure "to be invoked only in extraordinary situations," Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980)), and requires the plaintiff to establish a clear and indisputable right to relief, Allied, 449 U.S. at 35, which is not the case here, it is hereby ORDERED that:

---

[1] Hohmann asks this court to stay his state court sentence, dismiss with prejudice all judgments in his state court cases, remove all "points and records" from his Pennsylvania driver's license, restore his driver's license, destroy all state court records involving his arrest and criminal record, compel the state clerk of court to produce certain documents, and direct "Cumberland County and Lebanon County clerks of Court, and all Pennsylvania State Magistrates/ Commissioners, Common Pleas Judges, HJ Towing and Salvage…, and Charging officers; that have charged Plaintiff with commercial traffic infractions…, [to] immediately turn over the information…for their Certified Performance/ Surety Bonds". (Doc. 1, pp. 14-16).

1. The motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED for the sole purpose of filing this action.

2. The petition (Doc. 1) for writ of mandamus is DISMISSED without prejudice for lack of subject matter jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania